1  Dennis L. Wilson (Bar No. 155407)
   dwilson@kmwlaw.com
2  David K. Caplan (Bar No. 181174)
   dcaplan@kmwlaw.com
3  Tara D. Rose (Bar No. 256079)
   trose@kmwlaw.com
4  KEATS McFARLAND & WILSON LLP
5  9720 Wilshire Boulevard
   Penthouse Suite
6  Beverly Hills, California 90212
   Telephone:  (310) 248-3830
7  Facsimile:  (310) 860-0363

8  Attorneys for Plaintiff
   Summit Entertainment, LLC
9

10
                    UNITED STATES DISTRICT COURT
11
                   CENTRAL DISTRICT OF CALIFORNIA
12
                          WESTERN DIVISION
13

14 | SUMMIT ENTERTAINMENT, LLC, a        | Case No.: CV:10-1510 SJO (VBKx)
   | Delaware limited liability company,  |
15 |                                      | **FINAL JUDGMENT UPON**
16 |              Plaintiff,              | **CONSENT AS TO DEFENDANT**
   |                                      | **HEATHER DEHART**
17 |        v.                            |
18 | HEATHER DEHART, an individual,       |
   | COLLEEN VAUGHAN, an individual,      |
19 | CAROLINE ARVELIN, an individual,     |
   | and JOHN DOES 2-10,                  |
20 |                                      |
21 |              Defendants.             |

Plaintiff Summit Entertainment, LLC ("Plaintiff" or "Summit"), having filed a Third Amended Complaint in this action charging defendant Heather DeHart ("Defendant DeHart"), and other defendants, with Federal Copyright Infringement, and Summit and Defendant DeHart (Summit and Defendant DeHart are hereinafter collectively referred to as the "Parties") desiring to settle the controversy between the Parties, it is

**ORDERED, ADJUDGED AND DECREED** as between the Parties hereto that:

1. This Court has jurisdiction over the Parties to this action and over the subject matter hereof pursuant to 17 U.S.C. § 501, 28 U.S.C. § 1331, and § 1338(a). Service was properly made against Defendant DeHart.

2. Summit produces and distributes feature films, including the popular "Twilight Saga" films. The feature film "The Twilight Saga: Eclipse" (the "Film") is the third installment in the "Twilight Saga" franchise.

3. Summit owns all images and elements contained in the "Twilight Saga" films, including without limitation the Film, which are entitled to protection under federal copyright law.

4. In particular, Summit owns promotional still photographs featuring characters and elements of the Film (the "Photographs") that were created for Summit as works for hire. Summit intended to strategically release a carefully-selected subset of the Photographs to the public as part of its marketing strategy for the Film prior to its theatrical release.

5. At all relevant times, Summit has owned all right, title, and interest in and to the Film and the Photographs, including without limitation the copyrights therein.

6. Summit complied in all respects with Title 17 of the United States Code, and in compliance with the law obtained a federal copyright registration for the

1  Photographs under federal Copyright Registration No. VAu001013359.  The
2  copyright is valid, subsisting and in full force and effect.
3      7.  Defendant DeHart infringed Summit's rights in the Film and the
4  Photographs by reproducing and distributing unauthorized copies of a number of the
5  Photographs.  Specifically, Defendant DeHart uploaded certain Photographs to the
6  Internet site Twitpic.com for distribution via Internet messaging service Twitter.com,
7  without authorization from Summit.  Defendant DeHart began publicly distributing
8  the Photographs through these Internet sites on or about February 14, 2010.
9      8.  Defendant DeHart's reproduction and distribution of copies of the
10 Photographs was without authorization and was without Plaintiff's consent.
11 Defendant DeHart acted with willful and intentional and/or reckless disregard of
12 Plaintiff's copyrights and Plaintiff sustained substantial damage as a result thereof.  In
13 particular, Defendant DeHart's unauthorized distribution of the Photographs
14 undermined Summit's ability to use the Photographs in the most effective manner,
15 thereby irreparably damaging Summit's efforts to market the Film.
16     9.  Defendant DeHart's conduct violated Summit's intellectual property
17 rights and Defendant DeHart is liable for the claim of Federal Copyright Infringement
18 asserted in Summit's Third Amended Complaint in this matter.
19     10. Defendant DeHart and her affiliates, agents, servants, employees,
20 representatives, successors, assigns, and any person, corporation or other entity acting
21 under Defendant DeHart's direction or control, or in active concert or participation
22 with Defendant DeHart, are immediately and permanently enjoined throughout the
23 world from:
24     a.  Using, reproducing, distributing, selling or offering for sale, any
25 reproduction, counterfeit, or copy of the Photographs that were created for the purpose
26 of marketing, advertising and promoting the release and distribution of the Film or
27
28

other images, films, motion pictures, or other intellectual property owned by Summit; and

  b. Effecting assignments or transfers, forming new entities or associations or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth herein; and

  c. Breaching any agreement with Summit, including without limitation the Settlement Agreement between the Parties in this litigation.

 11. The jurisdiction of this Court is retained for the purpose of making any further orders necessary or proper for the construction or modification of this Judgment and the Settlement Agreement between the Parties, the enforcement of this Judgment and the terms of the Settlement Agreement between the Parties which provides for a confidential settlement payment, and the punishment of any violations thereof.

 12. This Judgment shall be deemed to have been served upon Defendant DeHart at the time of its execution by the Court.

 13. The Court expressly determines that there is no just reason for delay in entering this Judgment, and pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Court directs entry of judgment against Defendant DeHart.

//
//
//
//
//
//
//
//
//

14. This Judgment is a final judgment, entered against Defendant DeHart pursuant to Federal Rule of Civil Procedure 54(b). This Judgment is not and shall not be deemed to be a judgment as to any of Summit's claims against any defendants in this litigation other than Defendant DeHart.

**The stipulations contained in the Stipulation Regarding Entry of Final Judgment bind only the parties to the stipulation.**

2/16/11

Dated _____, 2011       *S. James Otero*
                                          _____
                                          Honorable S. James Otero
                                          United States District Court Judge

Presented by:

DENNIS L. WILSON
DAVID K. CAPLAN
TARA D. ROSE
KEATS McFARLAND & WILSON LLP
9720 Wilshire Blvd.
Penthouse Suite
Beverly Hills, CA 90212
(310) 248-3830

_____
Dennis L. Wilson
Attorneys for Plaintiff
Summit Entertainment, LLC

# CONSENTS

The undersigned hereby consents to the entry of Final Judgment Upon Consent.

Dated _____, 2011       _____
                                          Heather DeHart